IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARIAD PHARMACEUTICALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. _____ |
| v. | ) |
| | ) |
| PHARMARIA LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff ARIAD Pharmaceuticals, Inc. ("ARIAD") brings this Complaint against Defendant PharmAria LLC ("PharmAria") for trademark infringement, unfair competition and false designation of origin, and deceptive trade practices. ARIAD pleads and alleges as follows:

### NATURE AND BASIS OF THE ACTION

1. ARIAD brings this action against Defendant under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Delaware law, seeking preliminary and permanent injunctive relief, profits, other damages, and other relief relating to Defendant's adoption and use of a trademark that infringes ARIAD's trademarks.

2. Founded in 1991, ARIAD is a biotechnology company dedicated to the discovery, development, and commercialization of pharmaceutical treatments for diseases, including cancer and autoimmune disorders. One of ARIAD's areas of focus is the development of new small-molecule therapies for the treatment of cancer.

3. ARIAD was recently rated one of the fifteen most valuable biotechnology companies in terms of market capitalization. In 2010, ARIAD had total revenues exceeding $175 million, and ARIAD spent over $55 million on research and development. The highly complex research and development projects in which ARIAD engages can be both long-term and

collaborative, often taking years to develop and to obtain regulatory approval for new therapies and drugs. Revenues and spending on research and development can therefore vary widely from year to year. ARIAD's revenues decreased in 2011 to approximately $25 million, and its spending on research and development increased to over $77 million.

4. ARIAD owns several trade names and marks containing the arbitrary term "ARIAD", which it adopted in 1991. ARIAD uses its trade name "ARIAD Pharmaceuticals" and its "ARIAD" marks in the United States and abroad in connection with research, development, and commercialization activities, including in particular the business of discovering and developing new small-molecule therapies for the treatment of cancer.

5. In its twenty-one years of existence, ARIAD has developed credibility and goodwill in its marks within the medical, biotechnology, and pharmaceutical research and development communities; among investors, government regulators, and patients; and in the marketplace generally.

6. ARIAD's registered trademarks include the following:

    A. United States registration numbers 2,678,391 ("ARIAD") and 2,632,031 (a combined word and design mark containing "ARIAD"), each in International Class 005 for "Pharmaceutical preparations used in the treatment and/or prophylaxis of [inflammatory, immune-related, cardiovascular, viral, infectious, pulmonary, genetic,] oncologic, [renal, musculoskeletal, neurologic and gastrointestinal] diseases". (Collectively, the "ARIAD Registered Marks".) The ARIAD Registered Marks were first used in commerce in 1997 and registered in 2002 and 2003, respectively. Copies of the registration certificates for the ARIAD Registered Marks are attached hereto as Exhibit A.

    B. United States trademark application Serial Numbers 85366785 ("ARIAD") and 85366797 (a combined word and design mark containing "ARIAD"), each in International Class 010 for "Coatings sold as an integral component of medical stents and other implantable medical devices; Stents". Both of these have been approved for registration by the United States Patent and Trademark Office.

2

    C.    United States trademark application numbers 85587340 ("ARIAD DIAGNOSTICS"), 85587359 ("ARIAD GENETICS"), 85667465 ("ARIAD PHARMACEUTICALS"), 85667470 ("ARIAD"), and 85756371 ("ARIAD PASS"), for several International Classes, all reflecting ARIAD's intention to further expand its research, development, and commercial efforts in the field of therapeutics for the treatment of cancer.

7.    The ARIAD Registered Marks are "incontestable" within the meaning of 15 U.S.C. §§ 1065 and 1115(b).

8.    ARIAD also has stock listed on the NASDAQ stock exchange under the ticker symbol "ARIA". ARIAD uses the name ARIA to promote investment in its research and development activities, and members of the investment community regularly—and sometimes exclusively—refer to ARIAD simply as ARIA.

9.    Defendant PharmAria is a recently established pharmaceutical or biotechnology company that uses the trademark "PharmAria" in connection with the business of discovering and developing new small-molecule therapies for the treatment of cancer; notably, these products appear to be in the very same therapeutic areas in which ARIAD is developing products.

## PARTIES

10.    ARIAD is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 26 Landsdowne Street, Cambridge, Massachusetts, 02139.

11.    ARIAD is informed and believes that PharmAria LLC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3435 Richmond Street, San Diego, California, 92103.

## JURISDICTION AND VENUE

12.    The Court has subject matter jurisdiction over the trademark infringement and unfair competition and false designation of origin claims pursuant to the Lanham Act, 15 U.S.C.

§ 1121, and pursuant to 28 U.S.C. §§ 1331 and 1338(a) & (b). The Court has subject matter jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367.

13. The Court has personal jurisdiction over Defendant because, on information and belief, Defendant is a Delaware corporation.

14. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because Defendant is a Delaware corporation, and thus resides in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

### ARIAD and its Trade Name and Marks

15. Since its founding in 1991, ARIAD has dedicated itself to the discovery and development of pharmaceutical treatments for diseases, including cancer and autoimmune disorders.

16. ARIAD has used and continues to use its trade names and marks substantially within the industry, including in obtaining funding for its research and development efforts, in clinical trials, in all other aspects of the regulatory approval process, and in marketing its products.

17. On December 14, 2012, ARIAD obtained approval from the Food and Drug Administration for a drug it has spent years—and millions of dollars—developing. This drug, called ICLUSIG™ (ponatinib), is approved in part for chronic myeloid leukemia, and provides a treatment option to some patients who have not responded to any other treatment.

18. ARIAD's development pipeline also includes three other promising, internally developed compounds designed to disrupt cancer growth, including in particular cancers resistant to treatment as a result of genetic mutation.

19. Doctors and consumers have come to know ARIAD, its business, and its trade names and marks through clinical trials of its therapies.

4

20. ARIAD owns the ARIAD Registered Marks, as well as several pending trademark applications, several of which have been approved by the United States Patent and Trademark Office and published for opposition, and the ARIA trade name.

21. ARIAD uses the ARIAD and ARIA names and marks in commerce in connection with its research, development, and other commercial activities. This includes use of the marks in materials directed to the public, including to investors, members of the medical/pharmaceutical research and development community, government regulators, patients, and participants in the marketplace.

**Defendant PharmAria and its Infringing Name and Mark**

22. Defendant PharmAria is a newcomer to the United States pharmaceutical and biotechnology markets, having been formed in mid-2012. ARIAD is informed and believes that, like ARIAD, PharmAria researches and develops pharmaceutical treatments for diseases such as cancer, including new small-molecule therapies for the treatment of cancer.

23. On information and belief, PharmAria is using the PharmAria trademark in commerce to promote its pharmaceutical research and development activities, including its plans to develop and sell drugs in the same therapeutic areas as ARIAD's drugs.

24. In particular, PharmAria has entered into an agreement with Celgene Corp., also a biotechnology and pharmaceutical company with a focus on cancer treatments, to further PharmAria's research and development of new small-molecule therapies for the treatment of cancer. Celgene will provide and secure funding for PharmAria for its research, in return for which PharmAria will give to Celgene an equity stake in its ownership, an option to license certain PharmAria intellectual property, and an option to purchase PharmAria at some point in the future. Celgene will also obtain access to the results of PharmAria's research and development for use in Celgene's own research and development work.

25. On information and belief, PharmAria is providing research and development services, with the plan and intention of using the PharmAria name in connection with clinical trials.

26. On information and belief, PharmAria is using its PharmAria trademark in commerce, including in materials directed to other participants in the pharmaceutical and biotechnology community, and members of the investment community, and PharmAria intends to use the PharmAria name in clinical trials and in the marketplace generally.

27. PharmAria has also filed an intent-to-use-trademark application with the U.S. Patent and Trademark Office (Ser. No. 85562340, filed March 7, 2012). This application is in International Class 005 for "the treatment and/or prophylaxis of cancer and fibrotic diseases", and in International Class 044 for "Providing pharmaceutical preparations, medical information and materials in the field of cancer and fibrotic diseases and indications".

28. Defendant is not now and has never been authorized by ARIAD to use PharmAria or any variation of the ARIAD and ARIA marks and trade names in connection with Defendant's activities.

29. The ARIAD/ARIA and PharmAria trade names and trademarks are highly similar and are likely to cause confusion as to the source of pharmaceutical products in development by each company, as well as confusion between the companies themselves. "ARIAD Pharmaceuticals" and "PharmAria" look and sound very similar. Importantly, PharmAria adopts for use a large majority of the unique and arbitrary name ARIAD, as well as the entirety of the ARIA trade name.

30. Defendant's use of the PharmAria name in connection with clinical trials will lead to a likelihood of confusion among doctors and consumers regarding the source of PharmAria's

products, as well as regarding a potential connection between PharmAria and ARIAD, and PharmAria's products and services and ARIAD's products.

31. Defendant's acts have irreparably harmed ARIAD, and will cause damage and continue to cause irreparable harm to ARIAD, including to its valuable reputation and goodwill, such that ARIAD has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### Infringement of a Federally Registered Mark
### 15 U.S.C. § 1114(1)(a)

32. ARIAD repeats and realleges paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. This claim is for the infringement of trademarks registered in the United States Patent and Trademark Office, pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a), as amended.

34. ARIAD is the holder of United States trademark registration numbers 2,678,391 ("ARIAD") and 2,632,031 (a combined word and design mark containing the word "ARIAD").

35. ARIAD is informed and believes that Defendant is using the PharmAria trademark in connection with the research and development of therapeutics for the treatment of cancer, as well as in connection with the marketing, sale, and offering for sale of research services and relationships related to such products.

36. The PharmAria trademark is confusingly similar to and a colorable imitation of the ARIAD Registered Marks.

37. The PharmAria trademark is likely to cause confusion and mistake and to deceive the public, as to, among other things, the approval, sponsorship, license, source, or origin of Defendant's products and services.

7

38. On information and belief, Defendant's acts of trademark infringement have been done willfully and deliberately, and Defendant has profited and been unjustly enriched by this unlawful conduct, or stands to profit from this unlawful conduct.

39. Defendant's willful and deliberate acts, described above, have irreparably harmed ARIAD, and will cause damage and continue to cause irreparable harm to ARIAD, including to its valuable reputation and goodwill, such that ARIAD has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### Federal Unfair Competition
### 15 U.S.C. § 1125(a)(1)(A)

40. ARIAD repeats and realleges paragraphs 1 through 31 of this Complaint as if fully set forth herein.

41. This claim is for false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. By its unauthorized use of the PharmAria trademark, Defendant has infringed ARIAD's trade names and marks, and falsely designated the origin of its products and services, in violation of 15 U.S.C. § 1125(a)(1)(A).

43. On information and belief, Defendant has used and is using the PharmAria name in commerce in connection with its research and development of new therapeutic products for the treatment of cancer and other diseases. In addition, upon information and belief, Defendant is using the PharmAria name in commerce in connection with the marketing, sale, and offering for sale of research services and relationships related to such therapies.

44. Defendant's unauthorized use of the PharmAria name in this manner is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of PharmAria, its products, or its services with ARIAD and its products.

45. Defendant's unauthorized use of the PharmAria name in this manner is also likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of PharmAria, its products, or its services by ARIAD.

46. On information and belief, Defendant's acts of false designation of origin have been done willfully and deliberately, and Defendant has profited and been unjustly enriched by this unlawful conduct, or stands to profit by this unlawful conduct.

47. Defendant's acts, described above, have irreparably harmed ARIAD, and will cause damage and continue to cause irreparable harm to ARIAD, including to its valuable reputation and goodwill, such that ARIAD has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### Delaware Deceptive Trade Practices Act
### 6 Del. C. § 2532

48. ARIAD repeats and realleges paragraphs 1 through 31 of this Complaint as if fully set forth herein.

49. Upon information and belief, Defendant has used and is using the PharmAria name in the course of its business.

50. ARIAD is informed and believes that Defendant's acts, as described above, including Defendant's use of the PharmAria trademark, have created and will continue to create confusion or misunderstanding in the marketplace as to the source, sponsorship, or approval by ARIAD of Defendant's goods and services, in violation of the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2532(a)(2).

51. ARIAD is informed and believes that Defendant's acts, described above, including Defendant's use of the PharmAria trademark, have created and will continue to create confusion or misunderstanding in the marketplace as to the affiliation, connection, or association

of Defendant's goods and services with those of ARIAD, in violation of the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2532(a)(3).

52. On information and belief, Defendant's acts of deceptive trade practices have been done willfully and deliberately, for which ARIAD is entitled to relief.

53. Defendant's acts, described above, have irreparably harmed ARIAD, and will cause damage and continue to cause irreparable harm to ARIAD, including to its valuable reputation and goodwill, such that ARIAD has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### Infringement Under Common Law

54. ARIAD repeats and realleges paragraphs 1 through 31 of this Complaint as if fully set forth herein.

55. This claim is for trademark infringement under the common law.

56. Defendant's unauthorized use of the PharmAria trademark in connection with research and development of therapies for the treatment of cancer is likely to cause confusion with the ARIAD mark and the ARIAD Pharmaceuticals and ARIA trade names, and to deceive as to the source or origin of Defendant's goods and services.

57. Upon information and belief, Defendant's infringement has been with knowledge of ARIAD's rights.

58. Defendant's acts described above have irreparably harmed ARIAD, and will cause damage and continue to cause irreparable harm to ARIAD, including to its valuable reputation and goodwill, such that ARIAD has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, ARIAD prays for relief as follows:

59. Granting preliminary and permanent injunctive relief restraining Defendant, its officers, directors, agents, employees, servants, attorneys, successors, assigns and others controlling, controlled by, or affiliated with Defendant, and all those in privity or active concert or participation with any of the foregoing, and all those who receive actual notice by personal service or otherwise: (1) from using in any media or for any purpose, the mark PharmAria, or any other name, mark or internet domain name that incorporates, is confusingly similar to, or is a colorable imitation of ARIAD, ARIAD Pharmaceuticals, or ARIA; and (2) from otherwise falsely designating the origin of its goods and services with respect to ARIAD;

60. Ordering Defendant to take all steps necessary to cancel or modify its corporate and business name registrations, trade names, and internet domain name registrations for names that incorporate PharmAria or any other term that is confusingly similar to or is a colorable imitation of ARIAD, ARIAD Pharmaceuticals, or ARIA, and also to withdraw its intent-to-use-trademark application currently pending before the U.S. Patent and Trademark Office.

61. Ordering that, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), Defendant shall serve upon ARIAD within thirty (30) days after service on Defendant of an order granting an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

62. Ordering that Defendant be adjudged to have violated Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), to have committed acts of trademark infringement and false designation of origin, and to have violated 6 Delaware Code § 2532 and the common law;

63. Ordering an accounting of all gains, profits, savings, and advantages realized by Defendant from its acts of trademark infringement, false designation of origin, and deceptive trade practices;

64. Awarding such damages as ARIAD shall establish to have been caused by Defendant's acts of trademark infringement, false designation of origin, and deceptive business practices, together with appropriate interest thereon, including enhanced or treble damages pursuant to 15 U.S.C. § 1117(a);

65. Awarding ARIAD's reasonable attorney's fees, expenses, and costs of suit; and

66. Granting such other and further relief as this Court may deem just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Roger G. Brooks
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
rgbrooks@cravath.com

Dated: December 21, 2012
1087700 / 39790

By: */s/ Richard L. Horwitz*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Plaintiff*
*ARIAD Pharmaceuticals, Inc.*